IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| VICKI NICHOLSON, | ) | |
| | ) | |
|    Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| ELITE BURGERS, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
|    Defendants. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Vicki Nicholson ("Plaintiff"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Elite Burgers, LLC ("Defendant") and shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination and retaliation against her in violation of Title VII of the Civil Rights Act ("Title VII") and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), discrimination based on age in violation of the

Age Discrimination in Employment Act ("ADEA"), as well as discrimination on disability in violation of the Americans with Disabilities Act ("ADA") .

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant conducts business in this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Charles Kuehl, 1955 Highway 34 East,

Newnan, Georgia 30265.

## ADMINSTRATIVE PROCEEDINGS

6.

Plaintiff has filed a timely Charge of Discrimination alleging race, age, disability, age discrimination, and retaliation with the EEOC, encompassing all of the discriminatory conduct that is the subject of this Complaint.

7.

Plaintiff received her Notice of Right to Sue from the EEOC on August 25, 2020.

## FACTUAL ALLEGATIONS

8.

Plaintiff has been in the restaurant management industry for over 27 years and began her employment with Defendant on June 6, 2019.

9.

Plaintiff is Caucasian and white in color.

10.

Once Plaintiff completed training, she was sent to Defendants Monroe location.

11.

Plaintiff was cautioned by district manager Andrew Alexander and John Piotrowski that the staff would give her a hard time.

12.

Within a couple of weeks, the African American workers began referring to Plaintiff with racial slurs and making derogatory comments about her age amongst themselves and in text messages, specifically referring to her as "white bitch" and calling her "old as fuck".

13.

Plaintiff complained to her district manager Andrew Alexander and John Piotrowski about the offensive racial slurs and text messages about her circulating around.

14.

No action was taken by Defendant to remedy the harassment endured by Plaintiff.

15.

Plaintiff further complained about the racial slurs and age related remarks to Mark Grabowski.

16.

Again, Plaintiff's complaints were not addressed.

17.

Plaintiff went out on medical leave due to her disability in November of 2019.

18.

When Plaintiff returned to work on December 6, 2019, she was notified that she was demoted to assistant manager and would be transferred to the Forsyth, Georgia location.

19.

Plaintiff complained to her managers that she was being retaliated based off her prior complaints of discrimination.

20.

The Defendant again failed to address Plaintiffs complaints.

21.

Plaintiff was forced to resign because the Forsyth location was too far from her home and Defendant was aware of this.

22.

On December 15, 2020, Plaintiff was constructively discharged from her

position.  Any other reason given for Plaintiff's constructive discharge is pretext for unlawful retaliation for Plaintiff engaging in protected activity.

23.

Defendant is an employer subject to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act.

24.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost wages, emotional distress, and other damages.

## CLAIMS FOR RELIEF

## COUNT I & COUNT II

## RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

Plaintiff is a member of a protected class, i.e. she is Caucasian and white   in color.

27.

Title VII prohibits Defendant from discriminating against Plaintiff on the

6

basis of race.

28.

Defendant violated Plaintiff's rights under Title VII by subjecting her to a hostile environment because of her race, which materially affected the terms and conditions of Plaintiff's employment.

29.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's gender, in violation of Title VII.

30.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

31.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

32.

Defendant willfully and wantonly disregarded Plaintiff's rights, and

Defendant's actions toward Plaintiff were undertaken in bad faith.

33.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

34.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Plaintiff is a member of a protected class, i.e. she is Caucasian and white in color.

37.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

38.

Defendant violated Plaintiff's rights under Title VII by subjecting her to a

hostile environment because of her race, which materially affected the terms and conditions of Plaintiff's employment.

39.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's gender, in violation of Title VII.

40.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

41.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

43.

The acts and omissions of Defendant were willful, malicious and in reckless

disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

44.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

45.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

46.

Plaintiff is a member of a protected class, i.e. she is Caucasian and white in

color.

47.

Plaintiff's complaints of and opposition to discriminatory conduct constitute protected activity under Title VII.

48.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of

discrimination.

49.

There was a causal connection between the protected conduct and the adverse action of termination.

50.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

51.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

52.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III & COUNT IV

## RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981
**(Hostile Environment)**

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Plaintiff is Caucasian and white in color.

55.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

56.

Plaintiff performed her contractual obligations.

57.

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of his employment with Defendant.

58.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

59.

Plaintiff is a member of a protected class.

60.

Plaintiff was subjected to severe and pervasive racial harassment because of her race.

61.

The racial harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and created a discriminatorily abusive working environment.

62.

Defendant is liable for the racial harassment of Plaintiff under a theory of vicarious or direct liability.

63.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

64.

As a direct and proximate result of Defendant's violations of 42 U.S.C. §

1981, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

65.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

66.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

67.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race and color in violation of 42 U.S.C. § 1981.

68.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

69.

Plaintiff is Caucasian and white in color.

70.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

14

71.

Plaintiff performed her contractual obligations.

72.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981.

73.

Plaintiff is a member of a protected class.

74.

Plaintiff's complaints and opposition to discriminatory conduct constitute protected activity under 42 U.S.C. § 1981.

75.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

76.

There was a causal connection between the protected conduct and the adverse action of termination.

77.

As a direct and proximate result of Defendant's violations, Plaintiff has

suffered economic and non-pecuniary damages.

78.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

79.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **COUNT V & COUNT VI**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION AND RETALIATION)**

80.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

81.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

82.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

83.

At times relevant to this action, Plaintiff has been an individual with disabilities, as that term has been defined by the ADA.

84.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's anxiety and depression, including at the time of Defendant's constructive discharge of Plaintiff.

85.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

86.

At all times relevant, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

87.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

88.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his actual or perceived disabilities, and/or use or need of an accommodation, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

89.

In terminating Plaintiff after he used a reasonable accommodation and/or sought a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

90.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

91.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)          General damages for mental and emotional suffering caused

by Defendant's misconduct;

(b)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c)     Punitive damages;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     All equitable relief available under the ADA and FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted this 12th day of November, 2020.

-signature on following page-

s/ Adeash Lakraj
Adeash Lakraj, Esq.
**MORGAN & MORGAN, PLLC**
GA Bar# 444848
191 Peachtree Street NE, Suite 4200
Atlanta, Georgia 30303
Tel:   (404) 965-1909
Email: alakraj@forthepeople.com